L. K. MARTIN ET AL. v. PHELPS, REYNOLDS & CO.

SUPREME COURT.    *Practice.    Motion to docket and dismiss.    Neglect of clerk to send up record.*

It is the duty of a plaintiff in error to see that the transcript of the record is filed in this court on or before the first day of the term, and, if the clerk of the court below fails to send it, to move here for a rule on the clerk to show why he has not transmitted the record. Where this has not been done, a motion to docket and dismiss the case, made in the sixth week of the term, cannot be successfully opposed on the ground that the clerk has failed in his duty.

*Frank Johnston*, for the motion.
*T. J.* and *F. A. R. Wharton*, contra.

CAMPBELL, J., delivered the opinion of the court.

In July, 1876, the plaintiffs in error obtained a writ of error to the judgment against them, returnable to the present term of this court.    The defendants in error entered a motion to docket and dismiss the case, because a transcript of the record had not been filed in this court, as required by law.

On the 25th November, 1876, this motion was heard, and a certified copy of the citation was produced in support of the motion, as provided by § 418, Code of 1871.

The motion was opposed by the counsel for the plaintiffs in error, who submitted an affidavit made by one of them on the 16th October, 1876, to the effect that they had obtained a writ of error, and given bond, which was approved by the clerk of the Circuit Court who issued the writ, but that the clerk had failed to send up the transcript of the record to this court.

It was the duty of the plaintiffs in error to have the record here by the first day of the term. It was for them to see that it was here, and, if the circuit clerk failed to do his duty in getting it here, they should have appeared before this court and moved for a rule on the clerk to show why he had not transmitted the record. Not having done this, they cannot now successfully interpose objection to the motion of the defendants in error to docket and dismiss.

*Vigilantibus non dormientibus jura subveniunt.* The plaintiffs in error must follow up their suits with all reasonable diligence; and, if they need the aid of this court to enable them to get records here, they must make timely application therefor. The affidavit submitted bears date the 16th October, the first day of this term, and shows conclusively that on that day the plaintiffs in error were apprised of the failure of the clerk to send up the transcript; and, although some six weeks of this term have elapsed, no steps have been taken by the plaintiffs in error in this court, or elsewhere, so far as we are informed, to compel the transmission of a transcript of the record below.

*Motion sustained.*