## GRAND COURT OF CALANTHE *v.* BASKIN.

[67 South. 210.]

1. APPEAL AND ERROR. *Filing of transcript. Statute. Construction. Record. Certiorari.*

Under section 69 of the Code of 1906, when construed in connection with chapter 111, Laws 1910, as it must necessarily be when the stenographer's transcript of the evidence has been filed and dealt with as provided in this last-mentioned statute, or the

time within which this can be done has expired and an appeal has been perfected by the filing of an appeal bond, it then becomes the duty of the clerk to make and certify to the supreme court a transcript of the record in the case; that is, the record on file at the time the transcript is made, if the stenographer's transcript of the evidence has not then been filed, the record as it then exists should nevertheless be certified to the supreme court, should the stenographer's transcript be afterwards filed with, and certified to that court by the clerk of the court below, the question as to whether or not it is then properly a part of the record, will arise only in the event a motion is made by appellee to strike it from the record.

2.  APPEAL AND ERROR.  *Record. Certiorari.*

    Where the failure of the clerk below to file the record on the return day has not operated to materially prejudice the rights of appellee, a writ of *certiorari* will be issued to the clerk of the court below, directing him to send up, forthwith, whatever record in the cause he may have on file in his office.

APPEAL from the circuit court of Forest county.

HON. P. B. JOHNSON, Judge.

Suit between the grand court of Calanthe and Henry B. Baskin. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for the motion.

*D. M. Watkins,* opposed.

SMITH, C. J., delivered the opinion of the court.

This is a motion to docket and dismiss for the reason that the record in the cause has not been filed in this court. The judgment appealed from was rendered on the 28th day of May, 1914, and the appeal was perfected by the filing of an appeal bond on the 4th day of July, following. The record therefore was returnable to this court, under sections 4902 and 4906 of the Code, on the third Monday of January, 1915.

It has been made to appear that the reason the çlerk of the court below has failed to file the record is that the stenographer has not filed with him a transcript of the evidence, though the time within which he is required so to do expired some time since. This dereliction of duty on the part of the stenographer is no excuse for the failure of the clerk to file the record in this court on the return day. Under section 69 of the Code, when construed in connection with chapter 111, Laws of 1910, as it must necessarily be, when the stenographer's transcript of the evidence has been filed and dealt with as provided in this last-mentioned statute, or the time within which this can be done has expired and an appeal has been perfected by the filing of an appeal bond, it then becomes the duty of the clerk to make and certify to this court a transcript of the record in the case; that is, the record on file at the time the transcript is made. If the stenographer's transcript of the evidence has not then been filed, the record as it then exists should nevertheless be certified to this court. Should the stenographer's transcript be afterwards filed with, and certified to this court by, the clerk of the court below, the question as to whether or not it is then properly a part of the record will arise only in event a motion is made by appellee to strike it from the record.

Since the failure of the clerk below to file the record on the return day has not operated to materially prejudice the rights of appellee, a writ of *certiorari* will be issued to the clerk of the court below directing him to send up forthwith whatever record in the cause he may have on file in his office. In event the stenographer's transcript has not yet been filed with him, his compliance with this writ will not prevent him from thereafter certifying to this court such transcript in event it should thereafter be filed, and whether or not it is then properly a part of the record will arise only in event a motion

is made by appellee to strike it from the record as here-inbefore set forth.

Motion overruled, and *certiorari* awarded.

*Overruled.*