J. J. Newman Lumber Co. *v.* Lucas.

[67 South. 216-451.]

1. Appeal and Error. *Dismissal. Grounds. Delay in filing record. Prejudice.*

Until the return day of a cause in the supreme court has passed and the clerk of the court, in which it was tried, has failed to file the record thereof with the clerk of the supreme court, an appellant is not charged with the duty of taking any steps to compel the clerk of the trial court to file the record. When the return day has passed, however, without the record being filed, "it then becomes the duty of the appellant to seasonably apply to the supreme court for whatever aid he may need to obtain the filing of the record. On his failure to do so, the cause will be dismissed under section 4921 of the Code, if the rights of appellee have been thereby prejudiced, unless it further appears that appellant was guilty of no negligence in the matter."

2. Dismissal of Appeal. *Grounds. Delay in filing record. Prejudice.*

Where a cause was returnable in the supreme court on appeal on the third Monday in January, and the record, including the stenographer's transcript, was filed on February 12th, the appellant's motion to dismiss the appeal will be overruled, since an application by appellant after the return day for *certiorari* to bring up the record, would not have caused it to be filed any sooner, and the appellee was not prejudiced by appellant's failure to make such application.

3. Record. *Stenographer's transcript. Delay in filing. Remedy.*

The failure of the stenographer in the court below to file his transcript of the evidence, cannot be raised by motion to dismiss the appeal, where the transcript was filed before the motion was heard, but only by motion to strike the transcript from the record.

OPINION ON MOTION TO STRIKE STENOGRAPHER'S TRANSCRIPT FROM RECORD.

Appeal and Error. *Record. Striking transcript.*

Under Laws 1910, chapter 3, section 1, Par. D, providing that if

notice for transcript is given by appellant to the stenographer within thirty days after the conclusion of the term, the transcript shall not be stricken from the record by the supreme court for any reason unless it is shown that the notes were incorrect in some material particular, a transcript which was filed by the stenographer after the expiration of the time allowed, though notice was duly given, and which appellee had no opportunity to examine for error, as provided by paragraph "A" of the same act, cannot be stricken from the record without a showing of material error.

APPEAL from the circuit court of Forrest county. HON. P. B. JOHNSON, Judge.

Suit by Joseph Lucas a minor, by Mrs. M. E. Glascoe, his next friend, against the J. J. Newman Lumber Company. Judgment for plaintiff and defendant appeals.

The facts are fully stated in the opinion of the court.

*Sullivan & Conner,* for the motion.

*S. E. Travis,* opposed.

SMITH, C. J., delivered the opinion of the court.

This is a motion to docket and dimsiss, and reads as follows:

"Comes the appellee, by attorneys, and makes known to the court the following: That on the 29th day of May, A. D. 1914, this cause, styled *Joseph Lucas, Minor, by Mrs. M. E. (Lucas) Glascoe, Next Friend,* v. *J. J. Newman Lumber Company,* was tried by a jury in the circuit court of Forrest county, and a verdict in favor of this plaintiff was rendered in the sum of one thousand two hundred and fifty dollars; that on the 5th day of June, A. D. 1914, the defendant, the J. J. Newman

Lumber Company, filed its motion for a new trial herein; that this motion was in due course overruled by the court, and on the 7th day of July, A. D. 1914, the defendant, the J. J. Newman Lumber Company, gave notice to the stenographer to transcribe and file his notes in the above cause; that on the 9th day of July, A. D. 1914, the defendant filed an appeal bond in this cause for the purpose of perfecting its appeal. Appellee would further show that, since the filing of the bond and the giving of the notice in this cause, the stenographer has not filed his notes herein, nor has the time for the filing of same been extended by the trial court, neither has appellant prepared and filed a bill of exceptions as required by law, all of which is certified to by T. J. Mixon, clerk of the circuit court, which certificate is filed herewith and made Exhibit A to this motion; that since the 7th day of July, A. D. 1914, there have been two calls of the docket for this the second district of the supreme court of the state of Mississippi, and that under the law the appellee has been and is being unjustly delayed by reason of the negligence of the appellant herein. Wherefore the appellee moves the court to docket and dismiss the appeal herein.''

This cause was returnable to this court, under sections 4902 and 4906 of the Code, on the third Monday of January, 1915. Until the return day of a cause has passed and the clerk of the court in which it was tried has failed to file the record thereof with the clerk of this court, an appellant is not charged with the duty of taking any steps to compel the clerk of the trial court to file the record. When the return day has passed, however, without the record being filed, ''it then becomes the duty of the appellant to seasonably apply to this court for whatever aid he may need to obtain the filing of the record. On his failure so to do, the cause will be dismissed, under section 4921 of the Code, if the rights of appellee have been thereby prejudiced, unless it fur-

ther appears that appellant was guilty of no negligence in the matter.'' *Y. & M. V. R. R. Co. et al.*·v. *McCarley,* ·63 So. 335.

After the filing of this motion, the record, including the stenographer's transcript of the evidence, was, on February 12th, filed in this court; consequently, appel-lant's failure to apply for a *certiorari* has not resulted in any prejudice to appellee, for it is hardly probable that the issuance of such a writ would have caused the filing of the record at an earlier date. The real ground ·of this motion seems to be that the stenographer in the court below had failed to file his transcript of the evi-·dence. That question, however, does not necessarily arise on a motion to dismiss and, since the record is here, can now only arise on a motion to strike the ste-·nographer's transcript from the record.

*Overruled.*

OPINION ON MOTION.

Smith, C. J..

This cause was recently before this court upon a mo-·tion to docket and dismiss, which motion was overruled. ·67 So. 216. It now comes on to be heard on a motion ·to strike the stenographer's transcript of the evidence from the record. The grounds of the motion are that this transcript was filed in the court below after the ex-piration of the time within which the stenographer was required so to do, and that appellee's counsel were given no opportunity to examine it and obtain the correction· of any errors that may exist therein, as provided by paragraph A, Chapter 111, Laws of 1910. Paragraph D of this statute is as follows:

·''Provided notice as above is given to the stenogra-·pher by the appellant or his counsel within thirty days

after the conclusion of the term of court, no stenographer's transcript of his notes shall be striken from the record by the supreme court, for any reason, unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record by operation of law," etc.

The notice herein referred to was duly given the stenographer, and this motion is not accompanied by any showing that the "notes are incorrect in some material particular." The motion therefore must be, and is, overruled. *Mississippi Central R. Co.* v. *Chambers,* 60 So. 562.

*Motion overruled.*