YAZOO & MISSISSIPPI VALLEY R. R. Co. *v.* McGRAW.

[80 South. 331, Division A.]

1. APPEAL AND ERROR. *Record on appeal. Duty to file transcript.*
   The failure of the stenographer to file a transcript of the evidence does not excuse the clerk of the court below for failing to file the record in the supreme court seasonably after the time for the filing with him by the stenographer of a transcript of the evidence has expired.

2. APPEAL AND ERROR. *Record on appeal. Failure to file. Excuses.*
   An appellant is negligent in not applying for a writ of *certiorari* when the return day for the filing of a record on appeal in the supreme court has passed and such record has not been filed.

3. APPEAL AND ERROR. *Prosecution of appeal. Dismissal.*
   Where the trial of a cause has been unduly delayed to appellee's prejudice because of the failure of appellant to prosecute his appeal with diligence, a motion to dismiss will be sustained.

Appeal from the circuit court of Coahoma county.

Hon. W. A. Alcorn, Jr., Judge.

Proceeding between Ed McGraw and the Yazoo & Mississippi Valley R. R. Co. From an adverse decision, the Railroad Company appeals.
The facts are fully stated in the opinion of the court.

*Wells, May & Sanders, D. A. Scott* and *D. M. Yerger,* for appellant.

*Maynard & Fitzgerald, Frank Roberson* and *J. L. Roberson,* for appellees.

Smith, C. J., delivered the opinion of the court.

On November 15th last, this motion to docket and dismiss was filed, and on November 25th thereafter the record was for the first time filed in this court. The judgment appealed from was rendered on the 27th day of June, 1917, and the appeal bond was filed and approved on the 10th day of July following. The excuse given by the clerk of the court below for his failure to file the record in this court is that he did not receive the stenographer's transcript of the evidence until the ——day of November, 1918. Appellant claims not to be in default in the matter for the reason that it promptly notified the stenographer to transcribe and file with the clerk below a copy of the notes of the evidence taken by him on the trial.

The failure of the stenographer to file a transcript of the evidence does not excuse the clerk of the court below for failing to file the record in this court seasonably after the time for the filing with him by the stenographer of a transcript of the evidence had expired. *Grand Court of Calanthe* v. *Baskin,* 108 Miss. 752, 67 So. 210.

Appellant was negligent in not applying for a writ of *certiorari* when the return day for the record in this court had passed. *Newman Lumber Co.* v. *Lucas,* 108 Miss. .784, 67 So. 216, 451.

The trial of the cause having been unduly delayed to appellee's prejudice because of the failure of appellant to prosecute its appeal with diligence, the motion to dismiss will be sustained. Section 4921, Code of 1906; section 3197, Hemingway's Code.

*Motion sustained.*