WALDEN *v.* STATE.

[90 South. 177. No. 22135.]

CRIMINAL LAW. *Where record is not sent up by return day, appellant must show reason for delay in securing writ of certiorari.*

Where a person has appealed to this court and the record has not been sent up by the return day of the appeal, and where the appellant fails then to take prompt steps to secure a writ of *certiorari* and becomes in default, he must show in his application some excuse for the delay

APPEAL from circuit court of Holmes county.

Fannie Walden was convicted of murder, and sentenced to life imprisonment, and she appeals, and, the record not being sent up in time, she petitions for *certiorari.* Petition denied and overruled, and appeal dismissed.

*Barbour & Henry* and *Boothe & Pepper,* for appellant.

*Frank Roberson,* attorney-general, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was convicted of murder, and sentenced to life imprisonment in the penitentiary at the special June term of the circuit court of Holmes county. The certificate of appeal was filed on the 20th day of July, 1921. No record has reached this court, and this is a petition for *certiorari* filed on the 28th day of November, 1921. The motion was due to be filed the second Monday in October, 1921, or before. The petition sets forth the indictment, trial, and conviction, and the giving of the notice to the stenographer, and the petition for appeal with an affidavit of poverty, and that the appeal was granted. It then states: "Your petitioner further states that she is advised that her said appeal has been docketed in this honorable court subject to call on Monday, November 28, 1921, and she is further advised that the transcript of the record, proceedings, and evidence in the said case had before the circuit court has not yet been transmitted and filed in this honorable court, although your petitioner has done all within her power to obtain and have same filed for hearing at the time provided by law in this honorable court"—and winds up with a prayer for the issuance of the writ of *certiorari.*

No showing is made as to why the petition was not promptly filed when the court convened on the second Monday in October. The appellant is in default in applying for the writ, and when an appellant is in default a

specific showing of what steps have been taken by the appellant to procure the record should be shown; and if no steps have been taken, it should set forth a proper showing why none were then taken. Where the appellant is in default, some showing should be made to excuse such default. The petition is signed by two firms of attorneys, but the petition fails to state when they were employed, or any reason for their failure to take prompt and proper steps to secure the record.

The petition therefore is denied and overruled, and the appeal dismissed.