LOLLAR *v.* CITY OF GREENWOOD.*

(In Banc. Nov. 21, 1927.)

[114 So. 627. Nos. 26811, 26813.]

CRIMINAL LAW. *Appeal from county court held not triable in circuit court until stenographer's transcript became part of record or time therefor expired (Laws* 1926, *chapter* 131, *sections* 2, 5; *Hemingway's Code* 1927, *section* 597).

Under Laws 1926, chapter 131, section 2, providing that rules of pleading, practice, and procedure shall be the same as those governing other courts, whereby stenographer's transcript of evidence introduced on trial in county court became part of record in accordance with Hemingway's Code 1927, section 597, giving appellant's counsel ten days to examine transcript and appellee's counsel five days after delivery to him by appellant's counsel, appeal under Laws 1926, chapter 131, section 5, from conviction for possessing intoxicating liquor in county court, though returnable to circuit court at next term, is not triable until stenographer's transcript becomes part of records or time for making them a part thereof has expired.

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 197, n. 56 New.

APPEAL from circuit court of Leflore county.
HON. S. F. DAVIS, Judge.

W. W. Lollar and Allen Cox were convicted for having possession of intoxicating liquor, and they separately appeal. Reversed and remanded.

*Kimbrough, Tyson & Kimbrough,* for appellant.

This court, in *Bennett* v. *State,* 55 So. 482, clearly distinguishes between the *return day* or *return term* and the *trial day* or *trial term.* The question involved deals with

appeals generally, both civil and criminal. In the absence of statutory regulations and rules of the court, this court is burdened with the responsibility of determining what time must be allowed litigants as a reasonable time in which to perfect their appeals and prepare and present their cases.

The case at bar was rushed to decision by the circuit court without giving appellant an opportunity to prepare for its presentation. The question arises as to whether or not a formal assignment of errors should be filed in this court as to the action of the circuit court. We can conceive of but two grounds if such assignments should be required: First, that the court below erred in adjudicating the cause at the May, 1927, term of the court, that term not being the trial term, and second, if mistaken in the foregoing, that the court below erred in affirming the cause for the reasons shown in the assignments of errors filed therein on appeal from the county court.

We have assigned the above grounds as error as an act of over-caution. We hesitate, however, to discuss the merits of the case feeling confident that the same must be reversed for the refusal of the court below to grant appellant a reasonable time in which to prepare and present his defense.

*A. H. Bell,* for appellee, city of Greenwood.

The circuit court had the power to prescribe rules to regulate the procedure of cases on appeal. 7 R. C. L., sec. 50, p. 1023; 15 C. J., sec. 276, p. 901; 4 C. J., sec. 2473, p. 619; 7 R. C. L., sec. 50, p. 1023; *Y. & M. V. R. R.* v. *Kirk,* 102 Miss. 41, 58 So. 834.

The second assignment of error is too broad and too general as to allow definite argument, and does not point out to this court or to the appellee the particular errors made in affirming the decision of the trial court. Where an assignment is to broad and too general it will not be

considered by the supreme court.  3 C. J., sec. 1530, p. 1380; *Smith* v. *William,* 36 Miss. 545, supra.

Brief of appellee, state of Mississippi.

As to motions for continuance, see *Cox* v. *State,* 138 Miss. 370, 103 So. 129. As to rules for the government of trial courts, see *Railroad Company* v. *Kirk,* 102 Miss. 56. This court will leave to the trial courts the power to make such rules of practice and procedure as they see fit. The only issue raised on this appeal is the question of whether or not there was an abuse of discretion by the circuit judge in the court below in refusing to grant a continuance. Counsel for the appellant had an opportunity to brief this case on the record as made in the county court, and to submit such brief if it was desired by him to do so, to the circuit judge on the appeal of this case from the county court to the circuit court. Counsel for the appellant had ten days in which to prepare this case for the appeal from the county court to the circuit court. This was a reasonable time for counsel to prepare their briefs. The discretion of the circuit judge was not abused and the appellant's rights were not prejudiced by the ruling of the court.

Counsel for appellant requests this court that if they are wrong in their contention that this case should have been continued in the court below, that this court consider their brief as a motion to remand and allow them to brief this case on the merits. This raises a question over which I could have no control. I suggest however, to this court, that if the court would do as counsel requests, that there would be no end to the court procedure in any case. It could only be expected in future trials that as many questions as are possible to be raised, would be raised and that on appeal to this court, the counsel for appellants would request this court to pass upon each question in as many different briefs as there were questions to be raised on the appeal.

It was the duty of counsel for appellant to brief this case on its merits, and that having failed to do so, that the rights of appellant in this regard are waived.

SMITH, C. J., delivered the opinion of the court

The appellant, Lollar, was convicted in the municipal court of the city of Greenwood for having intoxicating liquor in possession, and the appellant, Cox, was convicted on a similar charge in the court of a justice of the peace. Both of them appealed to the county court and were there again convicted and sentenced, from which they appealed to the circuit court where the judgments of the county court were affirmed, and they have brought the cases to this court.

Cox filed a bond for an appeal to the circuit court on the 14th day of April, 1927, and Lollar filed a petition on April 16th for an appeal to the circuit court on an affidavit setting forth his inability to give a bond therefor.

Due notice was served on the county court stenographer in each case that a transcript of the evidence was desired, pursuant to which the stenographer filed the transcript of the evidence with the clerk of the county court in Lollar's case, on Thursday, May 26th, and in Cox's case, on Saturday, May 28th.

The circuit court convened on Monday, May 16, 1927. On the next day all cases on the docket that had been appealed from the county court were set for trial on June 6th. When these cases were called for trial on June 6th, the appellants objected to the court proceeding therewith on the ground:

(1) That the cases were returnable not to that, but to the next, term of the circuit court; and

(2) That the stenographer's transcripts of the evidence on which the cases were tried in the county court had not become a part of the record.

Section 5 of chapter 131, Laws of 1926, by which county courts were created, provides that "appeals of the coun-

ty court shall be to the circuit court," and "the circuit court shall be deemed always open for the hearings of such appeals;" that "appeals from the county court shall be taken and bond given within ten days from the date of the entry of the final judgment on the minutes of the court," unless the time for taking the appeal shall be extended by the county judge.

We are not now called on to decide whether a case, appealed from a county court to a circuit court at a time when the circuit court is in session, is returnable to that or a succeeding term of the court, for the reason that these appeals were taken prior to the convening of the term of the circuit court at which the cases were tried. Assuming, but merely for the sake of the argument, that appeals from the county court to the circuit court are returnable only to a term of the circuit court to be thereafter begun, such term, in the absence of a provision in the statute to the contrary, must necessarily be the term to commence next after the taking of the appeal. The length of time between the taking of the appeal and the convening of the circuit court is of consequence only when one of the parties desires a postponement of the trial in the circuit court on the ground that he has not had sufficient time in which to prepare therefor. *New York Hospital* v. *Knox,* 57 Miss. 600.

Section 2 of the county court statute provides that: "The rules of pleading, practice, and procedure in the said county court shall be the same as those now, or which may hereafter be established as governing the several other courts; . . . that is to say, . . . if the matter be such as would otherwise (if there were no county court) be in the circuit court, the practice shall be the same as in the circuit court."

Under this provision of the statute, when a case is appealed to the county court from a municipal court or the court of a justice of the peace, the procedure on the trial of the case in the county court, unless the statute elsewhere otherwise provides, is in all respects the same as

that of the circuit court in similar cases. The procedure by which the stenographer's transcript of the evidence, introduced on the trial of a case in the county court, becomes a part of the record is, therefore, that provided by chapter 156, Laws 1926 (Hemingway's Code 1927, section 597), under which the appellant's counsel has ten days in which to examine the transcript after it has been filed with the clerk of the court, and the appellee's counsel has five days in which so to do after the delivery of the transcript to him by the appellant's counsel. When the cases were tried in the circuit court neither of these periods of time had expired, so that the stenographer's transcripts of the evidence had not then become a part of the records.

The cases, as hereinbefore stated, were returnable to the term of the circuit court at which they were tried. They were therefore properly placed on the docket thereof by the clerk thereof, who is also the clerk of the county court. They were not triable, however, until the stenographer's transcripts of the evidence became a part of the records, or the time for making them a part thereof had expired. They should have been continued or passed to a later day. *Grand Court of Calanthe* v. *Baskin,* 108 Miss. 752, 67 So. 210.

*Reversed and remanded.*