MILLER, STATE REVENUE AGENT *v.* PHIPPS *et al.*\*

(Division B. Nov. 19, 1928. Suggestion of Error Overruled Dec. 17, 1928.)

[119 So. 170. Nos. 27617-27619.]

438

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 1073, p. 1065, n. 10; section 1286, p. 1204, n. 74, 75; 4CJ, section 2206, p. 470, n. 7; section 2268, p. 507, n. 11.

*B. B. Allen,* for appellant.

In No. 27617:
*Everett & Forman* and *Jas. L. Williams,* for appellees.

In No. 27618:
*Everett & Forman, Jas. L. Williams* and *Sivley, Evans & McCadden,* for appellees.

In No. 27619:
*Brady, Dean & Hobbs,* for appellees.

ETHRIDGE, P. J. In these cases, W. J. Miller, state revenue agent, brought suits in the chancery court against several defendants. The declaration in each case was demurred to by the defendants therein, and the demurrers were sustained by the court. In the first case, No. 4593, the decree recites that—

"It is therefore ordered, adjudged and decreed that the said demurrers be, and each of them is hereby sustained, and the said bill dismissed as to each of the said defendants, without prejudice to such rights as the complainants may have to institute separate bills against the defendants, but the said defendants shall be required to plead to such bills as may be filed by complainant within sixty days from the date of the filing thereof, without process as of the December, 1926, term of this court. Ordered, adjudged and decreed this the 20th day of December, 1926."

In cause No. 4855 a demurrer was sustained and, complainant declining to plead further, an appeal was granted in open court to the appellant, W. J. Miller, revenue agent, on October 8, 1927.

In cause No. 4846, demurrer having been sustained, and complainant having declined to plead further, judgment was entered dismissing the bill on October 8, 1927.

In cause No. 4851, demurrer likewise having been sustained, and complainant declining to plead, the bill was dismissed and appeal was granted in open court on October 8, 1927. Nothing was done to secure transcripts and the filing of the records in this court until the 27th day of February, 1928, when a petition was filed, by attorneys for the appellant, with the chancery clerk, reciting the rendition of the decrees and praying an appeal to the supreme court at its next term thereof. The chancery clerk did not transcribe and send up the record in any of the cases, and the petition for *certiorari* which was filed September 15, 1928, recites that the appellant was not required to give an appeal bond; and desiring to have an appeal, the appellant gave notice to the clerk of the court that an appeal had been taken, notifying said clerk to send up the transcript of the record.

The appellees, after filing the motion for *certiorari,* after the beginning of the regular September term, 1928, filed a motion in each case to docket and dismiss, showing that they had never been served with summons to answer said appeal, and they considered it abandoned until they received the motion for *certiorari,* and that the appeal had become barred because more than six months had elapsed between the dates of the decrees appealed from, and more than six months had elapsed after the filing of the petition for appeal with the clerk of the chancery court before applying for the writ of *certiorari,* and that the appeal was barred by the six months' limitation statute.

The movants to dismiss contend that where a bond is not required to take an appeal, that the appeal is not perfected until the record is filed in this court, and where a bond is required it is not perfected until the bond is filed.

We are of the opinion that in the cases in which an appeal was granted in open court, the running of the Statute of Limitations was stopped where nothing else

was done by the appellant to perfect the appeal. In cases in which such appeal was not granted in open court, where no bond is required, the petition for appeal, when filed with the clerk, stops the running of the Statute of Limitations.

Where an appeal is granted in open court, if a bond is required, which is not filed during term time, but after the adjournment of court, the filing of the bond is necessary to perfect the appeal, and notice should be given to the appellees by summons to answer the appeal when the appeal bond is filed in such manner in vacation; but when an appeal is granted in open court, and no bond is required, it will not be necessary to issue summons to advise the parties, because they are charged with notice of the decree granting the appeal.

By section 22, Hemingway's 1927 Code, it is provided that—

"A written petition for an appeal shall not be necessary to its validity, but filing in the office of the clerk of the supreme court a transcript of the record of the case in which the appeal is taken shall confer jurisdiction on the supreme court to try and dispose of the case; and where there is no petition for the appeal, it shall be considered to have been taken when the appeal bond was filed; or, if there be no bond, from the time of filing the transcript of the record in the office of the clerk of the supreme court."

By this statute, a petition for an appeal is not necessary; but a petition for appeal, when filed, where no bond is required, perfects an appeal, and nothing in this statute proves to the contrary. The language, "or, if there be no bond," is to be considered with the preceding language, "and where there is no petition for the appeal," etc. Consequently, with the exception of the first decree dated December 20, 1916, the decrees are not barred.

However, the appellant is in error in assuming that he is under no duty to see that his appeal is perfected and the transcript sent up here by the clerk. The rules of this court are that the return days shall be the second Monday of September, which, in the present year was September 10, the first Monday in January, the first Monday in March, the first Monday in May, and the first Monday in July. By section 3387, Hemingway's 1927 Code, Laws of 1916, chapter 163, the supreme court is authorized to fix other return days than those named in the statute.

It was, therefore, the duty of the appellant, when the first return day came around after the perfecting of the appeal, where no record had been filed by the return day, to promptly secure the aid of this court by a writ of *certiorari*, and several return days passed between the filing of the petition for appeal, perfecting of the appeal, and the petition for *certiorari*.

By section 3402, Hemingway's 1927 Code, it is provided that—

"In all cases where an appeal has been taken to the supreme court, if the copy of the record in the court below shall not be filed with the clerk of the supreme court on or before the return-day to which the appeal is returnable by law or by rule of court, it shall be lawful for the court, on motion of the appellee, to dismiss the appeal, the party moving for the dismissal producing a copy of the citation properly served, or a certificate of the clerk below that an appeal has been taken; but the cause may be reinstated at any time during the term," etc.

No sufficient showing was made as to why the writ of *certiorari* was not seasonably applied for. In these cases there was no evidence of the transcript of the stenographer's notes to copy. There was nothing but the pleadings, process, and judgment, and we see no reason why

the appeal could not be brought before this court at the next return day of court.

It is error for counsel to assume that, when the first return day arrives, and the record is not filed by the clerk, they may delay application for the aid of this court.

It is necessary, for the public welfare, that litigation be disposed of without undue delay, and in former decisions of this court it has been held that, where a return day has passed, and there have been more than six months between the perfecting of the appeal and the application for writ of *certiorari*, the court would refuse to grant such application and would dismiss the appeal. *Walden* v. *State*, 127 Miss. 486, 90 So. 177; *Martin* v. *Phelps*, 53 Miss. 134; *Y. & M. V. R. Co.* v. *McGraw*, 118 Miss. 850, 80 So. 331; *Newman Lumber Co.* v. *Lucas*, 108 Miss. 784, 67 So. 216, 451, and *Grand Court of Calanthe* v. *Baskin*, 108 Miss. 752, 67 S. 210.

Therefore, the motion for *certiorari* will be overruled, and the motions to docket and dismiss will be sustained.

Motion for *certiorari* overruled, and motions to docket and dismiss sustained.

*Overruled and dismissed.*