COBB *v.* FRAZER, et al.

Division A. Oct. 9, 1950.

No. 37743 (48 So. (2d) 124)

For the motion:

Brewer & Brewer.

Contra:

**J. W. Kellum.**

**Lee, J.**

Appellees filed a motion to docket and dismiss the appeal in this case.

The final decree appealed from bears the date of April 19, 1949. The bond for appeal was approved April 25, 1949. The transcript was approved by appellees on June 23, 1949. The record was filed with the clerk of this court on March 11, 1950.

Under Sections 1942 and 1955, Code of 1942, the return days for civil cases are the second Monday of September and the first Monday of March, and such others as the

court may designate. By Rule 35 of this Court, additional return days are the first Mondays of January, May and July.

From April 25, 1949, the date of the approval of the bond for appeal, until March 11, 1950, the date of the filing of the record here, four return days—the first Monday of July, the second Monday of September, the first Monday of January and the first Monday of March—intervened. The record discloses no act whereby the appellant sought to have the record filed in this court at an earlier date.

But it is contended, in answer to the motion, that a copy of appellant's brief has been in the hands of the appellee for six months; that prejudice must be shown before a dismissal will be granted; that even though prejudice may be shown, a dismissal will not be allowed, if appellant is guilty of no negligence; and that, on account of the congested condition of the docket, the cause could not have been reached during the past term.

 It was negligence not to apply for certiorari when the return day for the record in this court had passed. Newman Lumber Co. v. Lucas, 108 Miss. 784, 67 So. 216, 451. When the record is not on file by the return day, it is error to assume that an application for aid of this Court may be delayed. Miller v. Phipps et al., 152 Miss. 437, 119 So. 170. The disposition of this cause has been unduly delayed to appellee's prejudice, because of failure to prosecute the appeal with diligence. Yazoo & M. V. R. Co. v. McGraw, 118 Miss. 850, 80 So. 331; Turner v. Weaver, 126 Miss. 496, 89 So. 153. There is no sufficient showing of excuse for the default. Walden v. State, 127 Miss. 486, 90 So. 177.

Consequently, under the provisions of Section 1966, Code of 1942, the appeal ought to be, and is, dismissed.

Motion sustained and appeal dismissed.