JONES, Justice:
ON MOTION TO DISMISS
This is an appeal from the Chancery Court of Monroe County. The final decree was rendered December 10, 1966, with notice to the court reporter to transcribe her notes given December 13, 1966. A defective appeal bond was filed on January 23, 1967. The appeal was granted by the final decree so that no citation was necessary to appel- *345 lees. The return day for the appeal was the first Monday of March, 1967, but the record was filed here January 31, 1968. The original return day and four succeeding return days had intervened between the appeal and the filing of the record here. There were two full terms of this Court, March, 1967, and September, 1967. The case will be docketed at the beginning of the third term.
During all this time, appellants have not petitioned this Court for a writ of certiorari and have made no other effort to bring the matter before this Court at an earlier date. The motion to docket and dismiss was filed February 7, 1968, and no answer thereto had been made. Appellants filed a suggestion of the diminution of the record. The trustee in bankruptcy of G. G. Harris secured an order from the United States District Court permitting him to intervene in the case and the Chancery Court of Monroe County like wise permitted him to intervene. Appellants suggest that the trustee’s right to intervene depended on a claim having been filed in the bankruptcy matter by Virginia F. Sykes, Executrix. They further suggest that no such claim was filed and that this fact will be shown by the record. Appellants also ask for a continuance of the hearing on the motion. Appellees answer the suggestion of diminution filed by appellants and show that the referee in bankruptcy, in response to the petition by appellants to have revoked the trustee’s right to prosecute the case, had declined so to do.
We are overruling both the motion for continuance and the motion for diminution of the record. We are sustaining the motion to docket and dismiss and call counsel’s attention to the fact that the case of Cobb v. Frazer, 209 Miss. 603, 48 So.2d 124 (1950) is practically identical with the facts here shown. In the Cobb case four return days had passed prior to the filing of the record or transcript in this Court. There this Court held that it was negligence not to apply for certiorari when the return day for the record had passed. It was said that when the record is not on file by the return day, it is error to assume that an application for aid of this Court may be delayed. It was further held that the disposition of the cause had been unduly delayed to the appellees’ prejudice, because of failure to prosecute the appeal with diligence, and that there was no sufficient showing of excuse for the default. Id. at 607, 48 So.2d at 125.
In the instant case, there is no attempt to explain or excuse the delay. We hold, therefore, under section 1966 of Mississippi Code 1942 Annotated (1956), the appeal ought to be and is dismissed as was done in the Cobb case, supra.
Motion sustained and appeal dismissed.
All Justices concur.