WARREN *v.* STATE.

(Division B.   Dec. 5, 1932.)

[144 So. 698. No. 30255.]

Shoemaker & Higgins, of Jackson, for appellant.

Ethridge, P. J., delivered the opinion of the court.

The appellant was convicted on the 14th of July, 1932, in the circuit court of Rankin county, Mississippi, of a criminal offense, and sentenced to pay a fine and serve a term in jail.

Notice was given to the stenographer by the attorney for the appellant, on July 16, 1932, to transcribe his notes. On October 24, 1932, said appeal was dismissed for want of prosecution. The record was not then filed, and no showing was made on the call of of the docket for failure to have the record here, and the case ready for submission.

On November 10, 1932, after the appeal was dismissed, the stenographer filed the transcribed notes.

The motion for reinstatement does not set out any action on the part of the appellant to secure the transcribed notes on or before the return day of the appeal, nor at any time prior to the dismissal of the cause on November 24, 1932. There is no showing of diligence, and, furthermore, there is no showing of merit in the appeal, as required by rule 18 of this court providing that "no cause that has been dismissed shall be reinstated without an affidavit setting forth error in the proceedings." 161 Miss. 906. This rule has been construed to require a statement, not merely that there is merit in the appeal, but the substance of the ground for which reversal is asked must be set forth, with sufficient facts to show the pertinency of such ground for reversal.

By section 48, Code of 1930, it is made the duty of the circuit clerk, within ten days after the adjournment of each term of the circuit court to certify to the Supreme Court each and every appeal prosecuted by persons convicted of crime at such term; and section 51, Code of 1930, provides that the return day for all criminal cases in the Supreme Court, no matter from what district or county appealed, shall be the Monday of any term first after the expiration of twenty days from the date of taking the appeal.

The first meeting of court was the second Monday in September, after the taking of the appeal in the case at bar. The appeal was returnable to this court at that time. Criminal cases in the Supreme Court are set for hearing on the fourth Monday in each month.

Counsel seem to have assumed, and many attorneys likewise seem to assume, that, when notice to the stenographer is given to transcribe and file his notes, they are under no further duty until the notice of filing has been received from the stenographer. They are in error in so assuming. Counsel must take notice that the clerk is required to send the appeal to the Supreme Court, where the cause will be docketed, and, if the record is not here on the return day, and the stenographer has not had the requisite time allowed by law in which to file his notes, that fact should be suggested to the court. If the stenographer does not file his notes within the time allowed by law, counsel should take appropriate steps before the circuit court, or the judge, to compel the filing of the notes, and should make a motion in this court that the case be passed until the notes can be obtained and the record filed here. Also, if the stenographer does not file his notes within the time allowed by law, the appellant should prepare a bill of exceptions containing the substance of the notes and present it to the circuit judge for approval, giving notice thereof to opposing counsel of the hearing before the judge. See sections 725 to 730, inclusive, Code 1930.

The motion for reinstatement does not conform to the law and the rules of the Supreme Court, and it is therefore overruled.

Motion overruled.