BROWN *v.* STATE

No. 42760          July 7, 1965          176 So. 2d 895

766

*L. Hamer McKenzie,* Ashland, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

## ON MOTION TO DISMISS APPEAL AND APPLICATION FOR CERTIORARI

Appellant was convicted of burglary on March 7, 1963, and perfected his appeal by giving notice to the court reporter and filing an appeal bond. A certificate of appeal was made up by the Circuit Clerk of Marshall County and transmitted to and received by the Clerk of this Court, and the case was docketed here on March 20, 1963. The record has not been made by the Circuit Clerk of Marshall County and transmitted to this Court.

In answer to the State's motion to dismiss the appeal, appellant prayed for a writ of certiorari directing the Circuit Clerk of Marshall County to certify the record and send up forthwith all the proceedings in said cause.

Mississippi Code Annotated section 1966 (1956) is as follows:

In all cases where an appeal has been taken to the Supreme Court, if the copy of the record in the court below shall not be filed with the clerk of the Supreme Court on or before the return-day to which the appeal is returnable by law or by rule of court, it shall be lawful for the court, on motion of the appellee, to dismiss the appeal, the party moving for the dismissal producing a copy of the citation properly served, or a certificate of the clerk below that an appeal has been taken; but the cause may be re-instated at any time during the term if the party can show that the failure to file the record was not the result of neglect on his part; and the court may dispose of cases brought up for delay out of their proper order.

██ ██ It is not sufficient for a party merely to perfect his appeal. He must follow his case and if the record is not filed in this Court in due time, it is his duty to apply for a writ of certiorari. Ten return days have passed and the appellant waited over two years without filing application for certiorari until the State made a motion to dismiss. ██ ██ This Court is reluctant to dismiss appeals, and never does so when appellant has been diligent to see that the record is filed in this Court. Such long unjustified delays as that involved in this case bring the law into disrepute.

██ ██ We hold that the application for certiorari comes too late and even if the State has no objection to the granting of the writ, this Court will not look with favor upon an application for a writ of certiorari after the passing of ten return days. ██ ██ Accordingly, the motion to dismiss the case is sustained, the application for a writ of certiorari is denied, and the appeal is hereby dismissed.

Appeal dismissed; application for writ of certiorari denied.

All Justices concur.