288 So.2d 714 (1974)
Larry Glenn MATTHEWS
v.
STATE of Mississippi.
No. 48006.
Supreme Court of Mississippi.
January 21, 1974.
*715 Don H. Evans, Jackson, for appellant.
No response filed for appellee.
GILLESPIE, Chief Justice:

ON MOTION TO ADVANCE
Appellant, Larry Glenn Matthews, on December 20, 1973, perfected an appeal to this Court from an order by the Circuit Court of Hinds County, dismissing appellant's petition for writ of error coram nobis. On January 3, 1974, appellant filed his motion to advance the case, praying this Court to hear his case within ten days, or as soon thereafter as could reasonably be done. The question presented is whether this Court must comply with the statutory requirement of hearing this case within ten days of the filing of the appeal. The statutory provision relied upon by appellant is Mississippi Code Annotated section 99-35-145(7) (1972), which reads as follows:
Upon appeal, the record and the transcript of the testimony shall be made up with all reasonable dispatch and filed in the supreme court, after which the court, on a day not more than ten (10) days thereafter, to be fixed by order of the chief justice, shall proceed to hear and determine the appeal, whether or not the court be in formal recess at the time.
The Supreme Court is in the best position to determine what particular cases should be advanced over other cases on the docket, but legislative suggestions concerning procedural rules will be followed unless they are unreasonable or impracticable. The inherent power of the Supreme Court to promulgate procedural rules for the efficient disposition of its case load stems from the fundamental constitutional precepts of separation of powers and the vesting of judicial powers in the Courts. Miss. Constitution, Art. I, § 1, Art. VI, § 144 (1890).
The statutory provision of a ten-day limit for hearing this appeal will be considered a suggestion of priority by the Legislature. However, this Court does not consider this particular case to be of any greater importance than other criminal cases awaiting decision. The Court will decide when to hear this particular case in light of the fact that there are over six hundred cases awaiting disposition. More cases are being filed than the Court can hear and decide, and the backlog is growing each year. The result is delay and hardship on the litigants. The various statutes giving certain categories of cases priority cannot be followed without disrupting the schedule of cases already set for hearing and resulting in hardship to other litigants whose place on the calendar would be lost. Legislative action for reorganization of the court system is essential if litigants are to receive timely justice in the courts of this State.
Motion to advance overruled.
All Justices concur.