319 So.2d 649 (1975)
Carol BROWN et al.
v.
CITY OF WATER VALLEY, Mississippi.
Misc. No. 543.
Supreme Court of Mississippi.
September 22, 1975.
William P. Dobson, Oxford, for appellants.
Murray L. Williams, Water Valley, for appellee.

ON MOTION FOR WRIT OF CERTIORARI
SUGG, Justice:
This case is before the Court on application for writ of certiorari praying that a writ issue to the official court reporter and the Chancery Clerk of Yalobusha County, directing them to file here the record of proceedings in Cause No. 5488 which was tried in the Chancery Court of the Second Judicial District of Yalobusha County.
We have uniformly issued writs of certiorari requiring clerks of trial courts to prepare and file records of cases on appeal in aid of our appellate jurisdiction. We have consistently declined to issue writs of certiorari requiring court reporters to prepare and file transcripts of evidence on the theory that this Court has no control over court reporters employed in trial courts. Upon this premise, we have said that we cannot coerce the filing of a transcript of evidence for use in an appeal to this Court. See State ex rel. Patterson v. Autry, 236 Miss. 316, 110 So.2d 377 (1959); Warren v. State, 165 Miss. 783, 144 So. 698 (1932); *650 State v. White, 153 Miss. 697, 119 So. 807 (1928); Planters' Oil Mill v. Yazoo & M.V.R. Co., 150 Miss. 813, 117 So. 242 (1928); Ocean Springs Bank v. Frederick, 145 Miss. 553, 110 So. 366 (1926); Bankston v. City of Clarksdale, 134 Miss. 721, 99 So. 266 (1924); Robertson v. Southern Bitulithic Co., 129 Miss. 453, 92 So. 580 (1922); Berry v. Brown, 109 Miss. 64, 67 So. 662 (1915); Charles Brooks & Co. v. Gentry, 106 Miss. 506, 64 So. 214 (1913).
There are two good reasons for ending this practice. First, it is important for litigants to have their cases filed here and docketed in chronological order as appeals are perfected so that cases might take their rightful place on the docket. This is especially true in view of the crowded docket with which this Court is faced. When a case is appealed and the record made in the trial court is not filed when required by law, a final decision is delayed to the detriment of the parties.
A second reason is that Mississippi Code Annotated section 11-3-13 (1972) provides for dismissal of an appeal if a copy of the record in the court below is not filed with the Clerk of the Supreme Court on or before the return day to which the appeal is returnable by law or by rule of court. In addition, Mississippi Code Annotated section 11-3-5 (1972) provides not only that an appeal to the Supreme Court shall not be dismissed because of failure of an officer to comply with the requirements of law in reference to appeals, but also that the Court may dismiss an appeal for a failure of an appellant to do, within a reasonable time, what may be necessary to perfect his appeal. In cases where the record was not filed on a proper return day, we have held that appellant had the duty of taking steps to secure certiorari or other proceedings to compel the filing of the record in this Court. Brown v. State, 253 Miss. 765, 176 So.2d 895 (1965); Miller v. Phipps, 152 Miss. 437, 119 So. 170 (1928); Yazoo & Miss. V.R. Co. v. McCarley, 106 Miss. 92, 63 So. 335 (1913); Martin v. Phelps, 53 Miss. 134 (1876). We have dismissed cases when a copy of the record was not filed with the Clerk of the Supreme Court on or before the return day an appellant failed to apply for a writ of certiorari within a reasonable time after the record was due. See Harris v. Sykes, 207 So.2d 344 (Miss. 1968); Cobb v. Frazer, 209 Miss. 603, 48 So.2d 124 (1950).
Since a proper decision of most cases on appeal requires a detailed consideration of the testimony in the trial court, it is futile to require a clerk to file a record that does not include a transcript of the testimony. We recognize that Mississippi Code Annotated section 9-13-41 (1972) permits a bill of exceptions in the absence of a transcript of the testimony, but where the court reporter's notes are available, a transcription of the notes is preferable to a bill of exceptions. A bill of exceptions is a poor substitute.
In order to exercise effectively the appellate jurisdiction vested by Article VI, Section 146 of the Constitution of 1890, this Court must have before it all records necessary for the proper consideration of cases on appeal. As far back as 1872 this Court held that it could hear and determine all motions and issues necessary for the exercise of its appeal powers and necessary for the enforcement of its orders. Planters' Insurance Co. v. Cramer, 47 Miss. 200 (1872); Brown v. Carraway, 47 Miss. 668 (1872).[1]
In Matthews v. State, 288 So.2d 714 (Miss. 1974) we said:
The inherent power of the Supreme Court to promulgate procedural rules for the efficient disposition of its case load stems from the fundamental constitutional *651 precepts of separation of powers and the vesting of judicial powers in the Courts. Miss. Constitution, Art. I, § 1, Art. VI, § 144 (1890). (288 So.2d at 715).
We held in Newell v. State, 308 So.2d 71 (Miss. 1975), that this Court has inherent power to prescribe rules of procedure to facilitate the administration of justice in the courts throughout the state. The authority to promulgate rules of procedure in aid of our appellate jurisdiction includes the power to issue writs of certiorari to court reporters requiring the preparation and filing of transcripts of testimony in cases appealed to this Court.
In order to establish a uniform procedure throughout the state with reference to requests by court reporters for additional time in which to transcribe their notes, we hereby adopt Supreme Court Rule No. 44 as follows:
If a court reporter finds that he will not be able to complete his transcript of the notes in any case within the time prescribed by Mississippi Code Annotated section 9-13-25 (1972), and within a 30 day extension granted in accordance with Mississippi Code Annotated section 9-13-37 (1972), the court reporter may apply to the Supreme Court for an extension of time. No application will be considered unless accompanied by a certificate of the judge or chancellor who presided at the trial, setting forth in detail the facts necessitating the requested extension of time. For cause shown, the Supreme Court may grant such extension as it deems necessary consistent with justice.
We overrule all cases holding that this Court has no power to require a court reporter to prepare and file a transcript of the evidence taken on the trial of a case. We specifically overrule the cases cited in the second paragraph of this opinion to the extent that they conflict with our holding here.
We order that a writ of certiorari issue to Mrs. Norma Newman, court reporter of the Third Chancery Court District, directing her to file a transcript of the evidence taken in this case within 30 days from the date of the mandate. We further order that a writ of certiorari issue to Mr. Gerald Harris, Chancery Clerk of Yalobusha County, directing him to file the record in this Court within 60 days from the date of the mandate.
This motion was considered by a conference of the Judges en banc.
All Justices concur.
NOTES
[1] These cases construed Article VI, Section 4, Constitution of 1869 which reads as follows:

The supreme court shall have no jurisdiction but such as properly belongs to a supreme court.