PRATHER, Justice,
for the Court:
In 1986, Sergeant Randy Lawrence and Officer Royce Pennington were the subject of a Jackson Police Department Internal Affairs Investigation. The investigation led to their being suspended without pay.[1] *85 Specifically, Lawrence and Pennington were found guilty of uttering sexually-oriented remarks to another police officer about one of their female colleagues; the remarks were found by Internal Affairs to be “untrue, obscene, lewd, repulsive, embarrassing, unprofessional and inexcusable.”
But the issue before this Court does not concern the merits of the decision to suspend Lawrence and Pennington. The issue is whether the circuit court, on appeal, erroneously nullified the officers’ suspension on procedural grounds.
I.'
The incident which led to this appeal transpired on June 6, 1986, at the City of Jackson Police Department (Department). On that day, Sergeant Randy Lawrence and Officer Royce Pennington made numerous sexually-oriented remarks to Officer Chuck Lee about another officer, Sergeant Floyce Rochester (Rochester was not present). Upon learning of Lawrence and Pennington’s remarks, Rochester became “offended, embarrassed, and angry”; she subsequently filed a formal complaint with the Department. Vol. II, at 96-98.
An intra-Department investigation ensued, and culminated in the following decision-making:
[Sgt. Lawrence and Officer Pennington:] You are ... advised that as a result of violating Civil Service Rule XV, Section 2, Paragraph 1.1(F) (wantonly offensive conduct or language toward the public, a superior or fellow employees); Rule XV, Section 2, Paragraph l.l(M) (Conduct unbecoming to an employee of the City either while on or off duty); General Order 86-2, Section II, Paragraph (C) (‘Courtesy [which] is required of all personnel in their dealings with each other as well as members of the general public’D ]; and General Order 86-2, Section II, Paragraph F (Conduct unbecoming an officer). ‘Officers of this Department shall, at all times on and off duty, conduct themselves in a manner which reflects honor and dignity upon the Jackson Police Department. Officers should be mindful that conduct unbecoming an officer reflects badly upon the entire Department and the profession.’ You are [thus] suspended without pay for fifteen (15) days [and three (3) days, respectively.].
See generally Vol. II, at 1-4.
Lawrence and Pennington appealed the Department’s decision to the Jackson Civil Service Commission (Commission), which subsequently held a lengthy, public eviden-tiary hearing. On September 10, 1987, the Commission issued its “FINDINGS OF FACT” — containing, in pertinent part, the following conclusions: (1) “[T]he City of Jackson [i.e., the Department] complied with all statutory and rule requirements for the suspensions”; and (2) “Separate orders shall be entered [at a later date].” Vol. II at 11-15 & Vol. V! at 587-97.
On September 29, 1987, Lawrence and Pennington appealed the Commission’s decision to the Hinds County Circuit Court.
On January 28, 1988, the Commission issued its final “ORDER” — affirming the Department’s suspension of Lawrence and Pennington. One day later, Lawrence and Pennington filed a “MOTION TO REVERSE AND RENDER” with the circuit court. Their motion contained the following logic:
1. The Civil Service Commission Order dated September 10, 1987, was appealed to this Court by the filing of a timely Notice of Appeal on September 29, 1987, and the advanced payment of Court costs.
2. That subsequent to said Appeal, the Civil Service Commission ... violated its mandatory duty to make, certify and file a Transcript of the Record and of all papers on file in the office of the Commission effecting or relating to said Order as is required by Mississippi Code 1972 Annotated, § 21-31-23.
3. That the duty imposed upon the Civil Service Commission is not a discretionary one, but, on the contrary, it mandatory.
4. That the failure of the Civil Service Commission to make, certify and file the transcript and papers adversely affects a *86 valuable property right of the Appellants and amounts to a denial of due process under the Constitution and the Laws of the United States and of Mississippi.
5. That, additionally, the action of the Civil Service Commission constitutes a violation of the Equal Protection Clause of the Constitution insofar as these Appellants are concerned.
6. That the failure to act on behalf of the Civil Service Commission is without cause and not made in good faith and as such mandates the reversal and rendering of its Order of September 10, 1987.
Vol. I, at 7-8. On February 11, 1988, the Department filed a “RESPONSE” to Lawrence and Pennington’s motion to “REVERSE AND RENDER”:
1. The Civil Service Commission entered a Finding of Fact dated September 10, 1987, and Appellants filed a Notice of Appeal from said finding of fact on September 29, 1987.
2. The Finding of Fact entered by the Commission on September 10, 1987, specifically provided that separate orders would be entered by the Commission and said orders were entered on the 2nd day of February, 1988.
3. A certified transcript of the proceedings held before the Civil Service Commission has now been filed with this Court.
4. In the absence of a certified transcript of the record before the Civil Service Commission, the appropriate action of this Court would be to remand this cause for rehearing before the Civil Service Commission with direction that a certified transcript of the evidence be preserved for use on appeal to this Court. In light of the fact that a certified transcript of the proceedings before the Civil Service Commission has now been filed with this Court, it is not necessary to remand for rehearing.
Vol. I, at 10-11.
After a hearing on the motion, the circuit court agreed with Lawrence and Pennington, and issued the following “JUDGMENT”:
The Civil Service Commission of the City of Jackson, has violated its mandatory duty to make, certify and file a transcript of the record and of all papers on file in the office of the Commission as required by MISS. CODE ANN. § 21-31-23 (1972), which said failure on behalf of the Civil Service Commission is without cause and not made in good faith and as such, mandates the reversal and rendering of the Civil Service Commission Order of September 10, 1987.
IT IS FURTHER ORDERED AND ADJUDGED that the Civil Service Commission Order of September 10, 1987 be, and the same is hereby, reversed and the City of Jackson is ordered to restore to Appellants, Randy Lawrence and Royce Pennington, all benefits, rights, and entitlement, including back-pay, as effectively as if they had never received the suspensions which form the subject matter of this proceeding.
Vol. I, at 12. The Department appealed.
II.
The following issue was presented to this Court for disposition: Whether the circuit court erred in reversing the Commission’s Order?
A.
Statutory law dictates that the “accused” may appeal a Commission decision “within thirty (30) days from the date of the entry of [the Commission’s] ... order.” MISS. CODE ANN. § 21-31-23 (1989 Supp.) (emphasis added); see Appendix, infra (photocopy of statute). “Within thirty (30) days after the filing of such [appeal],” the Commission “shall ... certify and file” a transcript of the hearing with the appellate court. Id.
The Commission’s final “ORDER” was issued on January 28, 1988 — not on September 10, 1987, as indicated by Lawrence and Pennington in their MOTION TO REVERSE AND RENDER and in their brief. See, e.g.,. Section I, supra (“The Civil Service Commission Order dated September 10, 1987, was appealed to this [circuit] court_”). The Commission’s *87 “FINDINGS OF FACT” were issued on September 10, 1987. At most, the FINDINGS OF FACT constituted a conditional or interim order, but they did not constitute the final “ORDER.” The FINDINGS OF FACT expressly provided that the final ORDER was forthcoming. Thus, Lawrence and Pennington should have waited to file their appeal until after the final ORDER was filed.
In sum, Lawrence and Pennington filed their appeal prematurely; they should have appealed within thirty days following issuance of the January 28 final ORDER. The Commission would then have had thirty days subsequent to the appeal of the January 28 ORDER to file the transcript. Notably, the Commission did file the transcript by February 11, 1988 — less than two weeks following issuance of its final ORDER. The transcript was therefore filed well within the time prescribed by statute.
B.
As noted in the preceding subsection, “[wjithin thirty (30) days after [a party] fil[es an appeal],” the Commission “shall ... certify and file” a transcript of the hearing with the appellate court. MISS.CODE ANN. § 21-31-23 (1989 Supp.); see Appendix, infra. Strictly construing this provision, the Commission— not the appellee (i.e., the Department)— was duty-bound to “certify and file” the transcript with the circuit court.
It seems, however, that Lawrence, Pennington, and the circuit court incorrectly deduced that the duty to file the transcript lay with the Department. The premises which led to their deduction are not specifically delineated.
Lawrence and Pennington did note in their brief: (1) that the Commission is an agent of the Department (i.e., City of Jackson); and (2) that the Department is a party in this case. Appellee’s Brief at 7. Carried to its logical conclusion, the Department is as duty-bound as the Commission to have the transcript certified and filed with the circuit court. And because the transcript was not filed in a timely fashion by the Commission, Lawrence and Pennington contend that the Department’s decision to suspend them should be nullified. This contention is unpersuasive.
This Court has repeatedly held that the appellant has the duty to “tak[e] steps to ... compel the filing of the [transcript].” See, e.g., Brown v. City of Water Valley, 319 So.2d 649, 650 (Miss.1975). Research revealed no case in which the appellee was held responsible for “filing of the record.” In the case sub judice, Lawrence and Pennington appealed the Commission’s decision; therefore, Lawrence and Pennington were the appellants at that stage of the proceedings and were charged with the “duty of taking steps ... to compel filing of the [transcript].” See Brown, 319 So.2d at 650. No law could be found which leads to the conclusion that the Department (ap-pellee) is the duty-bound party.
And Lawrence and Pennington’s contention that the Commission was functioning as an “agent” of the Department (i.e., City of Jackson) is simply wrong; the Commission was functioning as a neutral “officer” of the judiciary — not as an agent of the Department. This Court has uniformly required officers of the judiciary (e.g., court clerks) “to prepare and file records of cases on appeal in aid of [its] appellate jurisdiction.” Brown, 319 So.2d at 649. In addition, this Court has held that an appeal will not be dismissed “because of failure of an officer to comply with the requirements of law in reference to appeals.” Id. Albeit the Brown holding was in reference to appeals to the Supreme Court, it seems no less applicable at any stage of the appeals process.
In sum, Lawrence and Pennington should have sought an order compelling the Commission to file the record or to otherwise show cause for its continued procrastination. However, Lawrence and Pennington, not the Department, should be held ultimately responsible for the filing of the transcript with the circuit court.
For- the foregoing reasons, this Court holds that the decision of the Circuit Court *88 was improper; the transcript was filed within thirty days following issuance of the final order; the case is therefore reversed and remanded to the Circuit Court for a hearing on the merits of the suspension.
REVERSED AND REMANDED FOR TRIAL ON THE MERITS.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
APPENDIX
§ 21-31 — 23. Removal, suspension, demotion, and discharge.
No person in the classified civil service who shall have been permanently appointed or inducted into civil service under the provisions of sections 21-31-1 to 21-31-27, except for such persons as may be employed to fill a vacancy caused by the absence of a fireman or policeman while in service as a member of the armed forces of the United States, shall be removed, suspended, demoted or discharged, or any combination thereof, except for cause, and only upon the written accusation of the appointing power or any citizen or taxpayer, a written statement of which accusation, in general terms, shall be served upon the accused, and a duplicate filed with the commission. The chiefs of the fire and/or police department may suspend a member pending the confirmation of the suspension by the regular appointing power, which shall be within three (3) days.
In the absence of extraordinary circumstances or situations, before any such employee may be removed or discharged, he shall be given written notice of the intended termination, which notice shall state the reasons for termination and inform the employee that he has the right to respond in writing to the reasons given for termination within a reasonable time and respond orally before the official charged with the responsibility of making the termination decision. Such official may, in his discretion, provide for a pretermination hearing and examination of witnesses, and if a hearing is to be held, the notice to the employee shall also set the time and place of such hearing. A duplicate of such notice shall be filed with the commission. After the employee has responded or has failed to respond within a reasonable time, the official charged with the responsibility of making the termination decision shall determine the appropriate disciplinary action, and shall notify the employee of his decision in writing at the earliest practicable date.
Where there are extraordinary circumstances or situations which require the immediate discharge or removal of an employee, such employee may be terminated without a pretermination hearing as required by this section, but such employee shall be given written notice of the specific reasons for termination within twenty-four (24) hours after the termination, and shall be given an opportunity for a hearing similar to the pretermination hearing provided in this section within twenty (20) days after the date of termination. For the . purposes of this section, extraordinary situations or circumstances include, but are not limited to, circumstances where retention of the employee would result in damage to municipal property, would be detrimental to the interest of municipal government or would result in injury to the employee, to a fellow employee or to the general public.
*89 Any person so removed, suspended, demoted, discharged or combination thereof may, within ten (10) days from the time of such disciplinary action, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether such disciplinary action was or was not made for political or religious reasons and was or was not made in good faith for cause. After such investigation the commission may, if in its estimation the evidence is conclusive, affirm the disciplinary action, or if it shall find that the disciplinary action was made for political or religious reasons, or was not made in good faith for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which such person was removed, suspended, demoted, discharged or combination thereof, which reinstatement shall, if the commission so provides in its discretion, be retroactive, and entitle such person to pay or compensation from the time of such disciplinary action. The commission upon such investigation may, in lieu of affirming the disciplinary action, modify the order of removal, suspension, demotion, discharge or combination thereof by directing a suspension, without pay, for a given period and subsequent restoration of duty, or by directing a demotion in classification, grade or pay, or by any combination thereof. The findings of the commission shall be certified in writing to the appointing power, and shall be forthwith enforced by such officer.
All investigations made by the commission pursuant to the provisions of this section shall be by public hearing, after reasonable written notice to the accused of the time and place of such hearing, at which hearing the accused shall be afforded an opportunity of appearing in person and by counsel, and presenting his defense. The findings of the commission shall be conclusive and binding unless either the accused or the municipality shall, within thirty (30) days from the date of the entry of such judgment or order on the minutes of the commission and notification to the accused and the municipality, appeal to the circuit court of the county within which the municipality is located. Any appeal of the judgment or order of the commission shall not act as a supersedeas of such judgment or order, but the judgment or order shall remain in effect pending a final determination of the matter on appeal. Such appeal shall be taken by serving the commission and the appellee, within thirty (30) days after the entry of such judgment or order, a written notice of appeal, stating the grounds thereof, and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to such judgment or order, be filed by the commission with such court. The commission shall, within thirty (30) days after the filing of such notice, make, certify and file such transcript with such court. The said circuit court shall thereupon proceed to hear and determine such appeal. However, such hearing shall be confined to the determination of whether the judgment or order of removal, discharge, demotion, suspension or combination thereof made by the commission, was or was not made in good faith for cause, and no appeal to such court shall be taken except upon such ground or grounds.
SOURCES: Laws, 1984, ch. 521, § 2, eff from and after July 1,1984.
Cross references—
Time for filing a petition for a writ of certiorari to the circuit court for review of a decision of a municipal civil service commission, see § 11-51-95.

. Lawrence was suspended for fifteen days and placed on two years' probation. Pennington was suspended for three days,