BRIDGES, J.,
concurring:
¶ 20. I join the majority in their finding that the appellant is in willful civil con *557 tempt of the order issued by the Hinds County Chancery Court and that this appeal is, by any definition, a frivolous one. Although this Court awards fifteen percent damages pursuant to Miss.Code Ann. § 11-3-23 to the appellee, I would urge further penalties be assessed against the appellant in an effort to discourage similar future appeals that are a blatant waste of taxpayer dollars and the appellate courts’ limited time. Let me clarify an important point at the outset: a vast majority of the appeals that pass before this Court are worthy of review and present issues that genuinely reflect gaps in case law or require applications of statutes to a peculiar set of facts. However, this Court would be remiss if we did not address the small percentage of cases that impede the review of those most in need of judicial scrutiny.
¶ 21. The power of the appellate courts to sanction those who invoke its jurisdiction can be found in numerous statutes, cases and court rules. While most cases and statutes refer specifically to the supreme court when defining appellate court jurisdiction, this Court’s power to operate unfettered under those same_ guidelines has been recognized by the supreme court. State Farm Mutual Insurance Co. v. Eakins, 748 So.2d 765 (¶ 12) (Miss.1999). Of course, constitutional matters and other issues reserved exclusively to the supreme court are another matter. Sanctions, however, are not within those narrow exceptions.
¶22. There are several statutes in the Mississippi Code that vest the power to sanction parties to the discretion of the court handling the case. Mississippi Code § 73-3-301 refers to an appellate court’s power to maintain control over the practice and proceedings before it. The 1988 Litigation Accountability Act can also serve as a foundation for sanctions. Within that act, Mississippi Code §§ 11-55-3 through 11-55-55 define what constitutes a frivolous appeal, who is subject to those guidelines, and what powers courts have in dealing with those parties that fail to pass muster under the statutes. Those powers include, but are not limited to sua sponte motions by the court for costs. Miss.Code Ann. § 11-55-5 (Rev.1991). Reading these statutes together, one can glean a general deference to the sitting court, whether trial or appellate, and its power to do as it sees fit when exercising control over those that submit themselves to its jurisdiction.
¶ 23. Several cases contain language addressing the nature of the appellate courts to sanction attorneys before them. The Mississippi Supreme Court addressed the constitutional underpinnings of the issue in Ivy v. Merchant saying: .
Ivy is subject to Rule 38 sanctions for filing a frivolous lawsuit in this Court. We cannot allow rampant, frivolous filings to clog up a judicial system replete with meritorious claims. This inherent power to promulgate procedural rules emanates from Article 6 Section 144 of the Mississippi Constitution vesting the judicial powers in the courts. Matthews v. State, 288 So.2d 714, 715 (Miss.1974).
Ivy v. Merchant, 666 So.2d 445, 450-51 (Miss.1995). Further, the supreme court’s discussion of other available authoritative sources allowing assessment of sanctions can be found in In Re Thompson, when it said:
This Court considers penalties and sanctions against attorneys. Our authority and jurisdiction to assess penalties or impose sanctions against attorneys arises from varied sources, embracing specific rules as well as broad declarations. Illustrative, and not by way of limitation, of the specific rules pronouncing this Court’s authority to assess penalties or sanction attorneys, are Miss. Sup.Ct. R. 1, 2, 28, 34, 36, 38, and 46, as well as Miss.Code Ann. § 73-3-301 (1989).
In Re John C. Thomson, 666 So.2d 464, 472 (Miss.1995).
¶ 24. Justice Smith, in a separate opinion, reinforced the notion of the sitting *558 court acting on its own volition when necessary saying that “[t]he only possible means of considering sanctions at all is through Rule 46(d), which allows sanctions, sua sponte.” In Re Thomson, 666 So.2d at 484.
¶ 25. Having laid that foundation, I would simply note that Miss.Code § 11-3-23 and/or Rule 38 of the Mississippi Rules of Appellate Procedure are not the only avenues down which this Court must trod in order to sanction a party for a bringing a meritless claim. The facts and nature of this case, I believe, demand further action. Accordingly, in addition to the penalties already assessed, I would sanction the appellant’s attorney $500 for filing this frivolous appeal and award appellee one-half of the attorney’s fees given at the trial level in accordance with established appellate practice. Clements v. Young, 481 So.2d 263, 271 (Miss.1985).
MOORE AND THOMAS, JJ., JOIN THIS SEPARATE OPINION.