ROBERTS, J.,
for the Court:
¶ 1. The continuing saga of Captain Billy J. Fields’s termination in 2007 from the City of Clarksdale Fire Department for alleged insubordination is again before this Court. And the merit of the controversy has yet to be finally decided. Fields appeals and asks this Court to remand the case to the Coahoma County Circuit Court solely for a determination of his entitlement to back pay or damages. The City of Clarksdale (“City”) filed a cross-appeal seeking remand to the circuit court for a hearing on the merits because a transcript of the hearing before the civil service commission (“Commission”) had been filed and was ready for review. We conclude that this case, in its entirety, should be remanded to the circuit court for a hearing on the merits, including a determination of back pay and damages if Fields was wrongfully terminated.
FACTS AND PROCEDURAL HISTORY
¶ 2. The procedural history in this case is long and winding. The battle over a transcript that is the subject of this appeal began in 2007 when the Commission informed Fields of the cost of preparing the record for his appeal of his termination to *375 the circuit court. Fields v. City of Clarksdale, 27 So.Bd 464, 466 (¶ 5) (Miss.Ct.App. 2010). On October 18, 2007, Fields filed a motion requesting the City pay the costs of having the transcript prepared. Id. The circuit court dismissed Fields’s appeal with prejudice after it found that he did not timely seek the court’s assistance in securing the transcript. Id. Fields appealed this dismissal. We reversed and remanded the case, finding that Fields was entitled to notice of the deficiency of his appeal, i.e., no transcript, and an opportunity to correct the deficiency. Id. at 468 (¶ 11). Fields again moved to have the City bear the cost of the transcript. The circuit court granted that motion on February 26, 2010.
¶ 8. The circuit court entered an order on February 26, 2010, compelling the City to pay the cost of preparing the transcript and to produce it within thirty days. Just prior to that order, the Commission wrote a letter to the court reporter requesting the transcript. The Commission then sent two more letters, one in April and one in May, requesting the transcript once again. After the court reporter did not produce the transcript, Fields filed a motion for contempt on September 8, 2010. The Commission then filed a one hundred and fifty-five page record on October 18, 2010; however, the transcript was not included, as it had not been prepared. The City also submitted a memo to the circuit court requesting that Fields be required to show specific prejudice by the missing transcript since the remainder of the record had been filed. It submitted that Mississippi Rule of Appellate Procedure 10(c) was applicable because there was no transcript available. The City also filed a formal complaint against the court reporter with the Mississippi Board of Certified Court Reporters for her failure to produce the transcript.
¶4. The circuit court entered another order on October 21, 2010, addressing Fields’s motion for contempt. In its order, the circuit court stated that the City had a duty to pay for the transcript and the Commission had the burden to produce the transcript. Further, the Commission had twenty-one days to produce the transcript or Fields would “be reinstated to his previous position and [the circuit court would] address the issue of damages, if necessary, at a subsequent hearing.” The Commission then filed a motion asking the circuit court to use its subpoena power to compel the court reporter to produce the transcript, and also requesting a stay of the October 21, 2010 order. The City filed a motion joining the Commission’s motion to stay and asked the circuit court to not reinstate Fields even if the transcript was not filed. The City additionally sought relief under Mississippi Rule of Appellate Procedure 10(c) or (d).
¶ 5. Without ruling on the City’s or the Commission’s motions, the circuit court entered an order on November 15, 2010, reinstating Fields to his former position because the transcript was not filed within twenty-one days. As a result, Fields was reinstated to his previous position “with the same rank, pay, rights!,] and privileges.” The order, prepared by Fields’s attorney and signed by Judge Kenneth Thomas, had several sentences on the last page blacked out. According to Fields’s brief, the blacked-out language set a hearing on damages and back pay for November 18, 2010. The record also shows a separate order entered the same day granting the City’s ore tenus motion to continue the hearing on damages and back pay from November 18, 2010, “until further notice.”
¶ 6. After numerous attempts by the Commission and the City to have the court reporter produce the transcript, including *376 lodging a formal complaint with the Board of Certified Court Reporters, the court reporter finally produced the transcript, and it was promptly filed on January 5, 2011.[1] The following day, the City filed its motion to vacate the November 15, 2010 order reinstating Fields and to have the circuit court hear the appeal on the merits. Judge Thomas retired at the end of 2010, and a new circuit judge, Judge Johnnie E. Walls Jr., replaced him. Judge Walls reviewed the City’s motion, and he entered an order on May 30, 2011, that refused to vacate the order reinstating Fields because the Commission was given “more than ample time in which to have the transcript prepared and protect [Fields’s] rights with a full and complete judicial review.” Fields requested Judge Walls review the issue of back pay and damages left unaddressed in the November order. However, he refused.
¶ 7. It is from this final order denying all parties relief that both parties appeal. Fields filed his notice of appeal on June 24, 2011; the City filed its notice of cross-appeal on July 8, 2011. Fields appeals the circuit court’s refusal to address the issue of damages in its May 2011 order. The City raises three issues for review:
I. Whether the circuit court had authority to direct the [City] to pay the costs of the transcript and record for Fields’s appeal in its February 26, 2010 order.
II. Whether the circuit court erred when it reinstated Fields without using its authority to ensure that a record was produced so that it could properly review the [Commission’s] order terminating Fields for insubordination.
III.Whether the circuit court should have granted the [City’s] motion to vacate ... after the court reporter completed the transcript and the Commission filed it with the circuit court.
ANALYSIS
¶8. First, Fields argues that the circuit court erred in refusing to address whether he was entitled to back pay and damages as a result of his termination. We find that the issues raised by the City in its cross-appeal are dispositive; therefore, addressing the issue of damages is unnecessary. The City’s cross-appeal involves the circuit court’s denial of a motion to vacate and refusal to reopen the case for a hearing on the merits after a transcript had been filed.
¶ 9. Judge Thomas’s November order reinstated Fields due to the Commission’s failure to secure and file the transcript. An order entered the same day postponed a hearing on damages and back pay to a later date; however, a hearing on damages and back pay was never rescheduled or held. Because this November order did not resolve the issue of damages, it cannot be considered a final judgment from which an appeal would lie. Instead, Judge Walls’s May order denying both parties relief is the final judgment for appeal, as it reaffirmed Fields’s reinstatement and specifically found that the circuit court would not address Fields’s entitlement to back pay or damages. No issues were left to resolve; thus, Judge Walls’s May order is the final judgment that we review on appeal. We find the standard of *377 review of this matter is abuse of discretion and manifest error.[2]
I. COST OF TRANSCRIPT
¶ 10. The City first argues that the circuit court erred in ordering it to pay the costs of preparing the transcript. We agree. Uniform Rule of Circuit and County Court 5.01 provides the following: “Except for cases appealed directly from justice court or municipal court, all cases appealed to circuit court shall be on the record and not a trial de novo. Direct appeals from justice court and municipal court shall be by trial de novo.” Uniform Rule of Circuit and County Court 5.02 outlines the duty to make the record as follows:
In appeals on the record!,] it is the duty of the lower court or lower authority (which includes, but is not limited to, state and local administrative agencies and governing authorities of any political subdivision of the state) to make and preserve a record of the proceedings sufficient for the court to review. Such record may be made with or without the assistance of a court reporter. The time and manner for the perfecting of appeals from lower authorities shall be as provided by statute.
(Emphasis added). Mississippi Code Annotated section 21-31-71 (Rev.2007) provides, in pertinent part: “The [Commission] shall ... make, certify!,] and file such transcript with [the circuit court].” Implicit in that language is that the Commission should bear the initial cost of preparing the transcript. We cannot find support for the circuit court’s decision to order the City as the appellee to bear the costs of preparing the transcript. However, should the City prevail on the merits of Fields’s appeal, then the costs of appeal, including transcription costs, may ultimately be assessed by the circuit court against Fields.
II. MOTION TO VACATE
¶ 11. The City’s final issues involve the circuit court’s reinstatement of Fields based on the Commission’s failure to file the hearing transcript with the circuit court, and the circuit court’s subsequent denial of the City’s motion to vacate Fields’s reinstatement and to have a hearing once the transcript was completed and filed. We address both issues in this section, and we find that the circuit court abused its discretion and manifestly erred in refusing to review the appeal on the merits once the hearing transcript was filed with the circuit court.
¶ 12. Fields was reinstated solely as a result of the court reporter’s failure to provide a transcript to the Commission to be filed with the circuit court, and his *378 reinstatement was not based on the merits of his case. Pursuant to section 21-31-71,-the burden to produce and file the record, including the transcript falls squarely on the Commission. The record shows that both the Commission and the City repeatedly attempted to contact the court reporter to pay for and secure the transcript, but for reasons beyond their control, the court reporter refused. Additionally, the Commission and the City sought the circuit court’s help in compelling the court reporter to provide the transcript. However, the circuit court failed to offer its assistance and power to compel production of the transcript, and did not address these motions before it reinstated Fields. Neither the City nor the Commission has the power to compel the court reporter to provide a transcript, and requests to have the circuit court compel the court reporter to provide the transcript went unanswered. Uniform Rule of Circuit and County Court 5.05 states: “The court, on its own motion or on application of any party, may compel the compilation and transmission of the record of proceedings.” (Emphasis added). The circuit court had the authority, within its inherent power and at the request of the Commission and City, to compel the court reporter to complete the transcript when it became clear that the transcript could not be secured through other avenues. The circuit court failed to respond to the Commission’s and the City’s requests and did not exercise its power to compel under Rule 5.05. There appears to be no other legal recourse available for the City or the Commission to obtain the transcript. In Jackson Police Department v. Lawrence, 562 So.2d 84, 87 (Miss.1990), the Mississippi Supreme Court noted that the Commission functioned “as a neutral ‘officer’ of the judiciary....” The burden was statutorily placed on the Commission, as a neutral officer of the judiciary, to produce the transcript, and not on the City. It follows that the Commission’s failure to produce a transcript, through no fault of its own, should not punish the “City.” Without any compulsion from the circuit court, the court reporter finally prepared the transcript, and the transcript was promptly filed with the circuit court. Still the circuit court refused to hear the appeal on the merits.[3]
¶ 13. We find that the circuit court’s refusal to hear the case on the merits once a transcript was filed was an abuse of discretion and was manifestly erroneous; we reverse the circuit court’s judgment and remand this case for the circuit court to allow Fields to pursue his appeal in accordance with Mississippi Code Annotated section 21-31-71 and Rule 5.03.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT/CROSS-APPELLEE.
*379 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. This court reporter’s license was revoked by the • Board of Certified Court Reporters in 2009.

. The scope of an appeal from an administrative agency, such as the Commission, is generally governed by Uniform Rule of Circuit and County Court 5.03, which states that the appellate court reviews the administrative agency's decision to determine if the decision "1. [w]as supported by substantial evidence; or 2.[w]as arbitrary or capricious; or 3.[w]as beyond the power of the lower authority to make; or 4.[v]iolated some statutory or constitutional right of the complaining party.” Further, Mississippi Code Annotated section 21-31-71 (Rev.2007) provides that the scope of review of the Commission’s decision regarding termination of a city employee is limited to examination of the record to determine whether there exists credible evidence substantiating the city’s action, and on that basis the court determines whether the decision was in good faith for cause. Beasley v. City of Gulfport, 724 So.2d 883, 885 (¶ 12) (Miss. 1998). While the present case does involve an appeal from an administrative agency, we are not reviewing a decision from the administrative agency; therefore, Rule 5.03 and section 21-31-71 are not the applicable standards of review in the present appeal.

. Additionally, "Rule 5.05 of the Uniform Rules of Circuit and County Court ... places a duty on the appellant to see that the record is filed with the proper court within thirty days of filing the notice of appeal.” Zurich Am. Ins. Co. of Ill. v. Beasley Contracting Co., 779 So.2d 1132, 1135 (¶ 13) (Miss.Ct.App. 2000). We note that while the record shows that Fields did request that the circuit court compel the Commission to file the transcript, he took no steps to ask the circuit court to compel the court reporter to produce the record. He simply rested on his request that the Commission provide the transcript and did nothing more to facilitate the production of the transcript and, ultimately, a full review of his appeal.