# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-00824-SCT

*IN THE MATTER OF L.L.T., K.D.T., E.V.T., AND S.C.T.: LESLEY PRINCE*

*v.*

*MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/2024 |
| TRIAL JUDGE: | HON. JOHN S. PRICE, JR. |
| TRIAL COURT ATTORNEYS: | PENNY B. LAWSON |
| | JOSEPH LANE CAMPBELL |
| | LEIGH ANNE KETTLEMAN CADE |
| | AMELIA SHAW WILLIS |
| | DAVID M. SESSUMS |
| | SARA HARVEY ROBERTS |
| COURT FROM WHICH APPEALED: | WARREN COUNTY YOUTH COURT |
| ATTORNEY FOR APPELLANT: | PENNY B. LAWSON |
| ATTORNEYS FOR APPELLEE: | KIMBERLY GOLDEN GORE |
| | AMELIA SHAW WILLIS |
| NATURE OF THE CASE: | CIVIL - ADOPTION |
| DISPOSITION: | AFFIRMED - 12/04/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1.  After moving to Florida, four minor children in the custody of the Mississippi Department of Child Protection Services (the Department) were placed in the Interstate Compact on the Placement of Children to be monitored by the Florida Department of Children and Families.  The children's aunt, Lesley Prince, sought to adopt the children.  However, Prince has been unsuccessful in finding a court to adjudicate the adoptions.  The

Warren County Chancery Court claims Florida has jurisdiction, while attorneys in Florida believe Mississippi does. Thus, Prince has been unsuccessful in obtaining counsel in Florida.

¶2. Once the Warren County Chancery Court refused to set a hearing on the adoption petitions, the Warren County Youth Court held a permanency hearing to develop the record for appeal. Rather than adjudicating Prince's adoption petitions, the Warren County Youth Court granted Prince's petition that had asked the youth court to "set this matter for an Emergency Reivew [sic] Hearing for the purposes of making a record and entry of an interlocutory order." The youth court granted "the relief sought in the Petition for an interlocutory order . . . ." The youth court's order amounts to a ruling that the youth court lacked jurisdiction.

¶3. Our Court granted Prince's interlocutory appeal of the Warren County Youth Court's order. We affirm the Warren County Youth Court's ruling that it lacks jurisdiction to finalize the children's adoptions.

## FACTS

¶4. In 2015, the Warren County Youth Court placed four minor children in the Department's custody. Thereafter, the Department placed the children in the custody of Prince, their maternal aunt. In 2018, Prince and the children moved to Florida. The children were subsequently placed in the Interstate Compact so the Florida's Department of Children and Families could monitor them.

¶5. On August 15, 2019, the youth court entered a judgment terminating parental rights. In August 2023, the Department issued adoption packages for the children. Prince then

2

drafted and submitted adoption petitions and judgments to the Warren County Chancery Court for review and comment. The Warren County Chancery Court ultimately informed Prince that (1) it lacked jurisdiction since the children had moved to Florida and, (2) Florida therefore had jurisdiction over the adoptions. It also clarified that it would regain jurisdiction if the Florida court first declined jurisdiction on the ground that Mississippi was a more appropriate forum under Mississippi Code Section 93-17-3(1)(e) (Supp. 2025).

¶6.     After Prince spent several months seeking Florida counsel to finalize the adoptions, the in-house counsel for the Florida Department of Children and Families informed Prince that Mississippi retained jurisdiction over the children because it was the sending state. Based on that information, Prince filed the adoption petitions in the Hinds County Chancery Court. She asserted that (1) Hinds County had jurisdiction since the Department's principal place of business is located in Jackson, Mississippi, and, (2) Mississippi retained legal custody of the children.

¶7.     The Hinds County Chancery Court initially set a hearing for March 5, 2024. The hearing later was cancelled, and Prince was notified that venue was instead proper in Warren County. Thereafter, it entered orders to transfer the cases accordingly.

¶8.     Prince subsequently filed amended petitions for adoption in the Warren County Chancery Court. She asserted that Mississippi's continuing jurisdiction over the cause would be in the best interest of the children because (1) the children and Prince have maintained significant connections to Mississippi; and (2) there is substantial evidence concerning the children's care by the Department because it financially supports them and because their

3

Mississippi guardian ad litem sees them twice a month. The Warren County Chancery Court refused to set a hearing on Prince's petitions, maintaining that it lacked jurisdiction over the adoptions.

¶9. Subsequently, Prince petitioned for a permanency hearing in the Warren County Youth Court to attempt to create a record for interlocutory appeal. At the hearing, Prince and the Department asserted that, despite Florida's involvement with the children, the Department retained custody of the children. In support, they noted that the Department remains the children's guardian, oversees their case, ensures that Prince is paid monthly, and continually updates the Department documents related to the children.

¶10. Following the permanency hearing, the Warren County Youth Court entered an order granting Prince's petition. The Warren County Youth Court's order first recited the facts and procedural history. It then concluded:

> This Court is of the opinion that a substantial basis exists for a difference of opinion on the question of jurisdiction for the adoptions which appellate resolution would materially advance the termination of this matter and protect the minor children who have been in the custody of MDCPS since 2015 from substantial and irreparable harm and that relief sought in the Petition for an interlocutory order is hereby granted.

¶11. We granted Prince's interlocutory appeal of the Warren County Youth Court's order. On appeal, Prince and the Department both agree that proper venue lies in the Warren County Chancery Court. The Department further claims that a writ of mandamus is the appropriate procedural vehicle for Prince's jurisdictional claim.

¶12. We affirm the Warren County Youth Court's order finding that it lacks jurisdiction to conduct the children's adoptions.

4

**STANDARD OF REVIEW**

¶13. Determining whether a chancery court had jurisdiction to hear a particular matter is a question of law that we review *de novo*. *C.C.B. v. G.A.K. (In re Adoption of Minor Identified in Petition)*, 306 So. 3d 674, 677 (¶ 8) (Miss. 2020). The same standard of review applies to appeals from youth court proceedings. *R.P. v. State (In re Int. of J.P.)*, 151 So. 3d 204, 208 (¶ 9) (Miss. 2014).

**DISCUSSION**

¶14. We are limited in our review because the Warren County Youth Court's order is the only ruling before us. First, the Warren County Youth Court's order acknowledges that it lacks jurisdiction by declining to grant or deny the adoption petitions. Additionally, absent a chancery court order granting or denying the adoptions, an opinion addressing the parties' remaining issues would be considered advisory, and we do not issue advisory opinions. *Lafayette Cnty. Bd. of Supervisors v. Third Cir. Drug Ct.*, 80 So. 3d 785, 789 (¶ 15) (Miss. 2012). Thus, the sole issue before our Court is whether the Warren County Youth Court lacked jurisdiction over the adoptions.

¶15. In general, chancery courts, not youth courts, have exclusive jurisdiction over adoptions. *In re Adoption of Minor Identified in Petition*, 306 So. 3d at 677 (¶ 11). Similarly, Mississippi Code Section 93-17-3(4) directs petitioners to file their sworn adoption petitions in chancery courts. Miss. Code Ann. § 93-17-3(4) (Supp. 2025) ("The adoption shall be by sworn petition filed in the chancery court . . . .").

¶16. Thus, because the chancery court has exclusive jurisdiction over the children's adoptions, the youth court lacks jurisdiction. *Id.* Accordingly, we affirm the Warren County Youth Court's order finding that it lacked jurisdiction to finalize the children's adoptions.

¶17. The dissent agrees that the youth court order should be affirmed. However, the dissent would take the extra step of remanding the instant youth court matter directly to the chancery court. While we commiserate with the dissent's frustration that the chancery court refuses to act, the petition that we would be remanding to the chancery court contains no claims for relief over which the chancery court would have jurisdiction.

¶18. Prince's Emergency Petition for Review Hearing contains only one prayer for relief: that the youth court would enter an interlocutory order that could then be brought here via a petition for interlocutory appeal. It does not ask the youth court to finalize the adoption Prince has for so long been seeking, despite the dissent's wholly unsupported assertion that it does. The prayer for relief from Prince's petition reads, in its entirety: "WHEREFORE, PREMISES CONSIDERED, Petitioner prays that the Court will set this matter for an Emergency Review Hearing for the purposes of making a record and entry of an interlocutory order." Our jurisprudence is packed with cases holding that venue in a given court is improper and that the matters in question should be transferred to the correct venue. *See, e.g.*, *Altman v. State*, 340 So. 3d 293, 296-97 (¶ 15) (Miss. 2022) (remanding case to circuit court with instructions for the circuit court to transfer it to youth court); *Weeks, Inc. v. Lewis*, 335 So. 3d 1049, 1054-1055 (¶ 21) (Miss. 2022) (remanding the case to the Circuit Court of Hinds county with instructions to transfer it to the Circuit Court of Madison County); *Miss.*

6

*Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 944 (¶ 26) (Miss. 2003). Unlike those myriad cases, though, the sending court here, the youth court, had jurisdiction over Prince's emergency petition. The dissent's would-be receiving court, the chancery court, does not.

¶19. We also note that no party to the instant case filed a motion to transfer venue to the Warren County Chancery Court. It is, to say the least, well-settled that "[a]n issue must first be presented to the trial court before it is raised to the appellate court." *Barker v. Ivory*, 381 So. 3d 357, 360 (¶ 12) (Miss. 2024) (internal quotation marks omitted) (quoting *Corp. Mgmt., Inc. v. Greene Cnty.*, 23 So. 3d 454, 462 (Miss. 2009)). "An issue 'not raised [in] the trial court . . . [that] the trial court had no opportunity to rule on cannot be raised for the first time in the appellate court.'" *Id.* (alterations in original) (quoting *Corp. Mgmt., Inc.*, 23 So. 3d at 462)).

## <u>CONCLUSION</u>

¶20. Our job as the Mississippi Supreme Court is to review the actions of the trial court for error. *Robertson v. S. Bitulithic Co.*, 129 Miss. 453, 92 So. 580 (1922), *overruled on other grounds by Brown v. City of Water Valley*, 319 So. 2d 649, 650 (Miss. 1975). In the instant case, before us for review is the decision of the Warren County Youth Court, and that court made no errors. The instant matter is not a petition for us to issue a writ of mandamus to the Chancery Court of Warren County. Neither via writ nor any other valid presentation is the inaction of that court before us, however much we and the dissent might agree that its inaction is troubling.

¶21. We affirm the order of the Warren County Youth Court.

7

¶22.   **AFFIRMED.**

**KING, P.J., MAXWELL, CHAMBERLIN AND SULLIVAN, JJ., CONCUR. RANDOLPH, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY ISHEE, GRIFFIS AND BRANNING, JJ.**

**RANDOLPH, CHIEF JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶23.   This matter comes before us on *interlocutory appeal* from the Warren County Youth Court under Mississippi Rule of Appellate Procedure 5. For almost a decade, Prince has worked through one court in Florida and three courts in Mississippi trying to adopt her four nieces and nephews because the Warren County Chancery Court, which has jurisdiction over the matter, has unjustly and unconstitutionally refused to consider Prince's petition. I would affirm the youth court's order, which has been appealed, even though the order is not a *final judgment*.

¶24.   This Court has previously held that Article 6, Section 147, of the Mississippi Constitution allows this Court to remand cases to the trial court with proper jurisdiction. *U.S. Fid. & Guar. Co. v. Est. of Francis ex rel. Francis*, 825 So. 2d 38, 52 (Miss. 2002) (remanding a cross-appeal to the Simpson County Circuit Court despite the appeal's coming out of the Simpson County Chancery Court); *Tillotson v. Anders*, 551 So. 2d 212, 218 (Miss. 1989) (remanding to the Adams County Circuit Court despite the appeal's coming out of the Adams County Chancery Court). Thus, pursuant to our state's Constitution and case law, this Court has the authority to remand the case to the Warren County Chancery Court to address the seriousness of the constitutional and administration-of-justice issues, along with the issues raised by Prince, i.e., the adoption of four children.

8

**I. This Court should remand the case to the Warren County Chancery Court.**

¶25. Article 6, Section 147, of the Mississippi Constitution reads:

> No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the Supreme Court shall find error in the proceedings other than as to jurisdiction, and *it shall be necessary* to remand the case, the Supreme Court may remand it to that court which, in its opinion, can best determine the controversy.

Miss. Const. art. 6, § 147 (emphasis added). Because today's case involves an interlocutory appeal, "it is permissible for this Court to reverse for a trial court's lack of jurisdiction because, absent a final judgment, the provisions of Section 147 do not bar reversal on jurisdictional grounds." *Miss. Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 940 (Miss. 2003) (citing *S. Leisure Homes, Inc. v. Hardin*, 742 So. 2d 1088, 1091 (Miss. 1999)).

¶26. While Section 147 only names chancery and circuit courts, this Court has previously held:

> In arriving at the intention of the makers of the Constitution, and in giving a construction which will extend to-day to the fair boundaries of that intention, the court is not to be constrained by the technical or literal meaning of the words used and as then used, nor to those words are we to give only the meanings of them as known to the framers of the instrument at the time of its promulgation . . . . This principle of construction remains true even in the matter of grants of power, a feature upon which there is some more of strictness.

*Moore v. Gen. Motors Acceptance Corp.*, 155 Miss. 818, 125 So. 411, 412-13 (1930). As a result, this Court held "that section 147 also applies to actions filed in *county* court, even though the terms of the provision specifically state that it applies to 'chancery or circuit'

9

courts." ***Thomas v. Isle of Capri Casino***, 781 So. 2d 125, 132 (Miss. 2001) (citing ***Moore***, 125 So. at 413). In other words, this Court held that the makers of the Mississippi Constitution intended to apply Section 147 to a court of proper jurisdiction. *See **Moore***, 125 So. 412-13. Section 147 only names those two courts because those were the only two courts that existed at the time. ***Id.*** at 413.

¶27. Here, no party disputes that the Warren County Chancery Court has jurisdiction over this matter and that the Warren County Youth Court does not. The Mississippi Constitution clearly gives chancery courts "full jurisdiction in . . . [m]inor's business[.]" Miss. Const. art. 6, § 159. Under this constitutional grant of authority, chancery courts have *exclusive* jurisdiction over adoption proceedings. ***C.C.B. v. G.A.K. (In re Adoption of Minor Identified in Petition)***, 306 So. 3d 674, 677 (Miss. 2020) (citing ***M.A.S. v. Miss. Dep't of Hum. Servs. (In re Petition of M.A.S.)***, 245 So. 3d 410, 414 (Miss. 2018)).

¶28. Further, Section 147 allows us to remand the case to the court of proper jurisdiction, a chancery court. ***U.S. Fid. & Guar. Co.***, 825 So. 2d at 52; ***Tillotson***, 551 So. 2d at 218. Section 147 does not prohibit remand because this is an interlocutory appeal. ***Jordan***, 863 So. 2d at 940. Finally, ***Moore*** allows this Court to remand to chancery court relying on Section 147 even though the case was appealed from youth court. ***Moore***, 125 So. at 412-13. Accordingly, this Court should remand the case to the Warren County Chancery Court.

¶29. In response to the majority's concerns, Prince's Emergency Petition for Review Hearing unquestionably provides sufficient allegations for this Court to determine the question in dispute and relief being sought. Prince correctly asserts that the Mississippi

Department of Child Protection Services (MDCPS) retains "jurisdiction over the child sufficient to determine *all matters* in relation to the . . . disposition of the child . . . until the child is adopted." (Emphasis added). Prince said, "on August 23, 2023, MDCPS issued the adoption packages for all of the minor children to the undersigned counsel." Prince said her counsel "drafted a Petition for Adoption and correspondence [sic] Judgment for each of the minor children and submitted them for review and comment by the Warren County Chancery Court." However, Prince said the chancery court advised her counsel that it did not have jurisdiction over the children. Prince said "[o]n November 30, 2023, undersigned counsel filed the four petitions in *Hinds County Chancery Court*," which were transferred "to the *proper venue* in Warren County, Mississippi." (Emphasis added). Critically, Prince said the "undersigned counsel has been unable to set these Petitions for hearing as *Warren County Chancery Court asserts it has no jurisdiction to conduct the adoptions of the minor children*." (Emphasis added).

¶30. Based on the allegations in Prince's Emergency Petition for Review Hearing, this Court can clearly see that the ultimate question in dispute is whether the Warren County Chancery Court has subject-matter jurisdiction over the petitions for adoption. While the majority is correct that this Court generally does not grant unrequested relief, this Court has made clear that "subject matter jurisdiction questions may be raised at any time or *sua sponte*." **Biddle v. Biddle (In re Est. of Biddle)**, 369 So. 3d 525, 529 (Miss. 2023) (citing **McQuirter v. Archie**, 311 So. 3d 1147, 1151 (Miss. 2020)); **Jordan**, 863 So. 2d at 940-41. Further, as the record shows, to require that Prince file a petition with the Warren County

11

Chancery Court would be futile because that court has refused to hear her petitions so far. Without a clear order from this Court instructing the chancellor to accept subject-matter jurisdiction and hold a hearing, Prince would have nothing new with which to persuade the chancellor.

**II.    This matter implicates serious constitutional and administration-of-justice issues.**

¶31.    The Mississippi Constitution guarantees that "[a]ll courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." Miss. Const. art. 3, § 24. The Constitution further guarantees that "[n]o person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 25. Finally, Mississippi Rule of Civil Procedure 83(b) says "[a]ll such local rules . . . adopted before being effective must be filed in the Supreme Court of Mississippi for approval." Miss. R. Civ. P. 83(b).

¶32.    Despite these long-standing principles, this Justice was no less surprised than the youth court judge that a court with jurisdiction over these proceedings would not proceed. On the record, the judge expressed:

> Being the Youth Court Judge over here for 16 years and the Youth Court Prosecutor for 13 years, I don't recall ever having four children being treated so badly as these four. This case has been going on forever, and we had an aunt, a maternal aunt, that was willing to step forward, take these children, give them a home and raise them. And this has been going on for eight years? . . . And we can't find a chancery judge that is willing to grant an adoption that everybody agrees is in the best interest of the children? . . . [T]hat is a disgrace.

12

¶33. No party in the record before us disputes that the chancellor told Prince not to file the adoption petitions in the Warren County Chancery Court without first submitting them to the chancellor in chambers for an unconstitutional, informal "comment and review" process pursuant to an unapproved, unpublished local rule. The amended petitions only reached the chancery court's docket via a transfer from a sister chancery court in Hinds County. Even then, the chancellor declined to hold a hearing in court. By closing the courts to Prince's unopposed adoption petitions and depriving her of a remedy from the only constitutionally designated court to hear an adoption, the chancellor violated the Mississippi Constitution. Miss. Const. art. 3, §§ 24-25; Miss. Const. art. 6, § 159. The proceeding violates Mississippi Rule of Civil Procedure 83(b) because this Court has not received, reviewed, or approved the aforementioned local rule that resulted in the chancery court's shutting its doors to Prince's petitions. Miss. R. Civ. P. 83(b).

## CONCLUSION

¶34. This Court should remand the case to the Warren County Chancery Court. Further, the chancery court should abandon its unconstitutional, informal rule, consolidate these cases, and issue a ruling on all issues presented.

**ISHEE, GRIFFIS AND BRANNING, JJ., JOIN THIS OPINION.**